NO. 07-07-0114-CR


 07-07-0115-CR

 07-07-0116-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 15, 2007


______________________________



THE STATE OF TEXAS, APPELLANT



V.



JEROME PAUL MARROQUIN, APPELLEE


_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 54,084-E, 54,102-E, 54,103-E; HONORABLE RICHARD DAMBOLD, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON ABATEMENT AND REMAND


 The State of Texas appeals the sentencing of appellee, Jerome Paul Marroquin. 
We abate and remand these cases to the trial court for further proceedings.

 On March 22, 2007, appellee pled guilty to evading arrest with a motor vehicle,
injury to a child, and accident involving personal injury or death. The trial court found that
the evidence substantiated appellee's guilt, accepted the plea, found him guilty, and
sentenced appellee. The trial court considered the charges of evading arrest with a motor
vehicle and injury to a child as state jail offenses and sentenced appellee to two years
confinement in a state jail facility but suspended the sentence and placed appellee on
community supervision for three years. The trial court considered the charge of accident
involving personal injury or death a third degree felony and sentenced appellee to eight
years confinement in the Institutional Division of the Texas Department of Criminal Justice
but suspended the sentence and placed appellee on community supervision for eight
years. The State filed a notice of appeal. The court reporter filed the reporter's record on
May 21, 2007. However, the district clerk requested an extension to the time to file the
clerk's record; in the motion requesting extension, the district clerk has notified this court
that appellee has not been appointed counsel on appeal.

 Consequently, we abate this appeal and remand the matter to the trial court for
further proceedings. Upon remand, the trial court shall determine, if appellee is not
represented by counsel, whether appellee is indigent and is entitled to appointed counsel. 
Should the trial court determine that appellee's circumstances warrant the appointment of
counsel, the trial court is directed to provide this court the name, address, telephone
number, and state bar number of said counsel. The trial court may hold hearings and enter
orders as the court deems necessary regarding the aforementioned issues and shall cause
its findings and conclusions and any orders entered to be included in a supplemental
clerk's record. A supplemental reporter's record of any hearing held shall be transcribed. 



Finally, the trial court shall ensure that the entire clerk's record and the supplemental
reporter's record be filed with the Clerk of this Court by Monday, July 16, 2007. 


 Per Curiam



 




Do not publish. 



_______________________________

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-07K-180, CR-07K-181; HONORABLE ROLAND SAUL, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Martin Martinez, was charged in two indictments with three counts of
aggravated sexual assault, one count of indecency with a child by contact, and two counts
of indecency with a child by exposure. Appellant waived a jury trial and was found guilty
by the trial court and sentenced to 50 years in the Texas Department of Criminal Justice-
Institutional Division (TDCJ-ID) for each count of aggravated sexual assault, 20 years in
the TDCJ-ID for the indecency with a child by contact, and 10 years in the TDCJ-ID for
each count of indecency with a child by exposure.


 By one issue, appellant challenges the
judgment of the trial court. We affirm.
          By a single issue, appellant contends that the trial court impermissibly considered
unreliable evidence in order to increase the punishment assessed. We disagree with the
appellant’s characterization of the action of the trial court.
Factual Background
          Appellant does not assail any of the facts regarding the trial court’s finding of guilt,
therefore, we do not find it necessary to recite the factual background except as pertains
to the issue of the punishment hearing. During the punishment hearing, the trial court
made the following statement:
Mr. Martinez, I have heard the evidence in both the guilt-innocence phase
and punishment phase of this trial, and frankly, sir, what you have done is
despicable. It’s terrible.
 
These girls were little girls, nine and seven, or probably younger when this
all started. They loved you, they trusted you, they depended on you, and
they obeyed you, I’m sure.
 
And you’ve hurt not only them; you’ve hurt your whole family. One of the
things about this kind of crime is it’s so bad, people don’t want to believe that
somebody they know could do something like this. It’s just – it’s a bad– it’s
just not very– not hardly imaginable.
 
People just can’t imagine somebody doing what you have done. And
therefore, they think, well, the children must not be telling the truth, or the
children’s parents must be putting them up to it, or, you know, all kinds of
things, making excuses for you. And really, you’re the one that’s caused it
all. So the whole family is torn apart. Your wife now is going to have to live
without you.
 
I appreciate Mr. Everitt’s arguments about alcohol, and you may be –
certainly may be an alcoholic. You certainly may drink too much, and I’m
sure that’s true, but alcohol is not the cause for what you’ve done.
 
What you have done has much deeper roots than just drinking too much or
being drunk on occasion. Now, we’ve heard a lot of different instances where
you were acting inappropriately with these children. I dare say I don’t think
you were intoxicated every time this happened.
 
Unfortunately for you, they haven’t really come up with a good way to
cure pedophiles. In fact, there’s hardly any cure at all for pedophiles. 
That means if someone is released back into society, they’re very likely
to recommit the same offense, maybe with different victims, but
basically the same offense.
 
And about the only way we can protect society from pedophiles is to
get them out of society and keep them out of society.



 
The trial court then pronounced the sentences that appellant appeals.
Discussion
          Appellant contends that the highlighted portion of the trial court’s statements
indicates that the trial court improperly increased the sentences imposed on appellant. 
This is so, according to appellant, because the trial court relied on unreliable or false
information in assessing the punishment. However, the record clearly demonstrates that
appellant never objected to the statements by the trial court, during the trial or in any post-trial motions, or in any manner placed the trial court on notice of his current contention. 
To preserve error for appellate review, a party must present a timely objection to the trial
court, state the specific grounds for the objection, and obtain a ruling. Tex. R. App. P.
33.1(a); Trevino v. State, 174 S.W.3d 925, 927 (Tex.App.–Corpus Christi 2005, pet. ref’d). 
Even claims of constitutional violations can be waived by a failure to object. Trevino, 174
S.W.3d at 927. "All a party has to do to avoid the forfeiture of a complaint on appeal is to
let the trial judge know what he wants, why he thinks himself entitled to it, and to do so
clearly enough for the judge to understand him at a time when the trial court is in a proper
position to do something about it." Lankston v. State, 827 S.W.2d 907, 909 (Tex.Crim.App.
1992) (en banc). 
          Appellant concedes that there was no objection lodged at trial, but argues that this
court may proceed to consider the trial court’s actions when the trial court solicited,
procured, considered, and relied on inherently unreliable information to determine the
sentence. Arnold v. State, No. 05-07-00120-CR, 2008 Tex.App. LEXIS 5747
(Tex.App.–Dallas July 31, 2008, no pet.) (not designated for publication). However, on
close review, the Arnold opinion is clearly distinguishable from the facts of the present
case. In Arnold, the trial court, after receiving an open plea in a drug case in which the
defendant was requesting a deferred adjudication, stated that the defendant’s story was
incredible and unbelievable. Id. at *2-*3. However, the trial court stated that, if the
defendant could convince the court that the defendant’s story was true by passing a
polygraph, then the court would grant a deferred adjudication. Id. at *3. The defendant
agreed but subsequently failed the polygraph test. Id. at *4. After reconvening the
punishment hearing, the trial court found appellant guilty and sentenced him to ten years
incarceration. Id. at *4-*5. The Dallas Court of Appeals pointed out that, even though the
polygraph results were neither offered nor admitted into evidence, the trial court clearly
solicited, procured, considered and relied on them. Id. at *8. Accordingly, the court in
Arnold concluded appellant had not waived the argument by failing to object to the
proceeding. Id. at *16-*17. 
          Those operative facts are not present in the case before the court. Appellant cannot
cite the court to a single reference in the record that supports the theory that the trial court
considered unreliable or false information or evidence in order to increase his sentence in
making its sentence determination. Therefore, appellant’s failure to object has resulted in
a waiver of any complaint on appeal. Trevino, 174 S.W.3d at 927.
          Even were we to conclude that appellant had not waived the argument, it would be
of no assistance. The record demonstrates that the trial court was expressing an opinion
about the nature of the conviction of appellant on multiple counts of aggravated sexual
assault and indecency with a child. However, appellant does not direct us to, nor does the
record show, any evidence explaining what affect, if any, the referenced statement had on
the trial court’s sentence determination. The court had never indicated what the sentence
was to be, therefore it is illogical to state that the referenced statement shows he was
increasing the sentence for some illicit reason. For all of these reasons, appellant’s issue
is overruled. 
 
Conclusion
          Having overruled appellant’s sole issue, the trial court’s judgment is affirmed. 
 
                                                                           Mackey K. Hancock

                                                                                     Justice







Do not publish.